IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-2167-CNS-KAS

DAWN MAY BUNCH,

Plaintiff,

v.

REBECCA M. SPAAR,
MJS LABS, INC.,
CARL SCHMIDT, and
HERB SHOP WELLNESS CENTER,

Defendants.

---

**ORDER**

---

Before the Court is Defendants Carl Schmidt and Herb Shop Wellness Center's (the Herb Shop's) Motion to Dismiss Pursuant to Rule 12 (collectively, the Defendants). ECF No. 25. The Court GRANTS the motion.

## I. SUMMARY FOR *PRO SE* PLAINTIFF

You are required to show the Court has personal jurisdiction over Defendants Carl Schmidt and the Herb Shop Wellness Center. You have failed to do so. They, based on your own allegations, do not reside in Colorado, and they lack minimum contacts with Colorado such that the Court may exercise personal jurisdiction over them. Accordingly, the Court grants their motion to dismiss your claims. The Court grants their motion without prejudice, meaning that you may file an amended complaint that satisfies your

jurisdictional burdens as to these two Defendants. However, if you file such an amended complaint and fail to allege facts that establish personal jurisdiction over these two Defendants, the Court may later dismiss your claims with prejudice, meaning that you would not be able to bring your claims against them.

## II. DISCUSSION

Defendants challenge Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(2), arguing the Court lacks personal jurisdiction over Plaintiff's claims against them, and under Rule 12(b)(6), arguing that those claims are not plausible. *See generally* ECF No. 25. Because the Court agrees with Defendants as to their first argument—meaning that Plaintiff has not met her burden to establish personal jurisdiction—it need not reach the second. *See McGinness Energy Co., Inc. v. Indep. Tubular Corp.*, No. 25–cv–1076–KHV, 2025 WL 3214071, at *1 (D. Kan. Nov. 18, 2025) ("Because the Court lacks personal jurisdiction for reasons discussed below, the Court does not reach the Rule 12(b)(6) arguments."); *Mohon v. Agentra LLC*, 400 F. Supp. 3d 1189, 1209 (D.N.M. 2019) ("[T]he plaintiff bears the burden of establishing that there is personal jurisdiction over the defendant and that the exercise of personal jurisdiction would not violate due-process requirements." (citation modified)).

*First*, Defendants argue that the Court lacks general personal jurisdiction over them. *See* ECF No. 25 at 4. The Court agrees. The operative complaint provides no basis for the Court to conclude that it has general personal jurisdiction over Defendants. The operative complaint appears to indicate this itself: Plaintiff alleges that the Herb Shop is headquartered in Montgomery, Alabama, and provides no allegations that establish Mr.

Schmidt is himself domiciled in Colorado such that general personal jurisdiction over him is proper. ECF No. 17 at 4. And in her response brief, Plaintiff concedes the point: "Defendants are residents of Alabama." ECF No. 26 at 2. *See also Fuld v. Palestine Liberation Org*., 606 U.S. 1, 12 (2025) ("[G]eneral jurisdiction lies in the forum where the defendant is domiciled or fairly regarded as at home." (citation modified)); *Mohon*, 400 F. Supp. 3d at 1209.

*Second*, Defendants argue that Plaintiff has failed to establish that the Court has specific personal jurisdiction over them. *See* ECF No. 25 at 5. The Court agrees. The operative complaint contains no allegations that either Defendant has the requisite minimum contacts with Colorado such that the Court may exercise specific personal jurisdiction over them, or that Defendants purposefully availed themselves of doing business in Colorado. *See, e.g., Eighth Dist. Elec. Pension Fund v. Teter Indus., Inc*., No. 1:22–cv–02521–CNS, 2023 WL 3819339, at *3 (D. Colo. June 5, 2023) (explaining specific personal jurisdiction exists only where "a nonresident defendant: (1) availed themselves of the forum state's laws through purposefully directing their activities at residents of the forum and (2) when the litigation results from alleged injuries that arise out of or relate to those activities" (citation modified)). In sum, there are no allegations showing that the transaction underpinning Plaintiff's alleged injuries bears any relationship to Colorado. *Cf. id.*

Plaintiff disagrees, arguing that Defendants engaged in commercial conduct that created "substantial connections" with Colorado and Alabama, chiefly that the product at issue was "shipped across state lines" and that Defendants are part of a "chain of

distribution." ECF No. 26 at 2. Notably, she submits no documents in connection with her response brief that support this argument. And reading the operative complaint's allegations in their entirety, the Court agrees with Defendants that Plaintiff's argument relies on allegations that are not contained in the operative complaint. *See* ECF No. 30 at 2. Plaintiff cannot amend her operative complaint, and therefore survive Defendants' dismissal motion, by alleging new facts in a response brief. *See, e.g., The 198 Tr. Agreement, Dated Dec. 15, 2010 v. CAAMS, LLC*, No. 14–cv–01264–RM–KMT, 2015 WL 1529274, at *5 (D. Colo. Mar. 30, 2015) ("Plaintiff, however, cannot amend its Complaint by adding factual allegations in a responsive brief." (citation modified)).

Regardless, the operative complaint's allegations, which the Court accepts as true, undermine Plaintiff's argument that she has met her *personal jurisdiction* burden. The operative complaint alleges that she went to the Herb Shop, which she both alleges and concedes is located in Alabama, and that the product at the heart of her claims was purchased *there*, not in Colorado, or even across the internet, as the result of any Defendant's conduct. *See* ECF No. 17 at 6 ("[M]y husband and I went to the Herb Shop Wellness Center for my Husband. He received a Zyto test to measure his organ function. When he discovered the results, Carl Schmidt recommended supplements and the Syngenic 2% Micronized Natural Pro Care Skin Cream."); ECF No. 30 at 3 (observing that operative complaint's allegations show that Plaintiff and her husband purchased the product in "Alabama, not online"). This clearly does not establish that Defendants purposefully availed themselves of doing business in *Colorado*, or that they aimed their

activities at this state. *Cf., e.g., Eighth Dist. Elec. Pension Fund*, 2023 WL 3819339, at *3; *McGinness Energy*, 2025 WL 3214071, at *7.

For these reasons, the Court agrees with Defendants that Plaintiff has not met her *personal jurisdiction* burden as to them. Because she has not, dismissal without prejudice of the claims against Defendants Schmidt and the Herb Shop is proper. *See, e.g., Glovebox Techs. Inc. v. Da Cruz*, No. 23–cv–01222–NYW–STV, 2024 WL 1051950, at *8 (D. Colo. Mar. 11, 2024); *Bakkeby v. Prudential Ins. Co. of Am.*, No. 13–cv–188–GKF–PJC, 2013 WL 4807163, at *4 (N.D. Okla. Sept. 9, 2013).

## III. CONCLUSION

Consistent with the above analysis, the Court GRANTS Defendants Carl Schmidt and Herb Shop Wellness Center's Motion to Dismiss Pursuant to Rule 12, ECF No. 25. Plaintiff may file an amended complaint—should she choose to do so, and if she believes she can correct the jurisdictional defects in the operative complaint—within 14 days of this Order.

DATED this 25th day of August 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge